IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| ANGELO COREY STACKHOUSE,<br><br>Plaintiff,<br><br>vs.<br><br>DEBRA COLLINS, CALEB PENDELTON, and JARED TAYLOR,<br><br>Defendants. | Cause No. CV 22-84-GF-BMM<br><br><br>**ORDER** |

Plaintiff Angelo Corey Stackhouse filed a civil rights complaint under 42 U.S.C. § 1983 on August 31, 2022. (Doc. 1.) Mr. Stackhouse generally appeared to challenge the conditions of his confinement at the Roosevelt County Detention Center. *Id*. at 6–7. The Court subsequently granted Mr. Stackhouse's motion to proceed in forma pauperis. (Doc. 7.)

Mr. Stackhouse was advised of the pertinent legal standards and showings he was required to make as to each named defendant. (*Id*. at 6–10.) He was provided the opportunity to file an Amended Complaint. Mr. Stackhouse was further advised that if he wished to proceed, he needed to file his Amended Complaint on or before October 25, 2022. (*Id*. at 14.)

To date, Mr. Stackhouse has not complied with the order directing him to file an Amended Complaint. Also, Mr. Stackhouse is no longer in custody of the

1

Roosevelt County Jail, but he has failed to provide this Court with an updated address as required. (*See id*. at 14; *see also* Doc. 2 at 2.)

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own motion without awaiting a motion. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, a court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Mr. Stackhouse has failed to comply with this Court's order directing him to amend his

complaint and he has also failed to update his address. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639 (9th Cir. 2002). The Court cannot manage its docket if Mr. Stackhouse refuses to comply with the Court's orders and deadlines. Mr. Stackhouse's case has consumed judicial resources and time that could have been better spent on other matters. This factor also favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to the respondent. A rebuttable presumption of prejudice to respondents arises when a petitioner unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Ins. Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, a court is not required to exhaust all such alternatives prior to dismissal. *Id*. Mr. Stackhouse was afforded an adequate amount of time in which

to prepare and file his amended complaint. He was also advised of all of the legal standards and showings he was required to make and provided a form on which to submit his amended document. Despite guidance from the Court, Mr. Stackhouse has failed to comply. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte*, 138 F. 3d 393, 399 (9th Cir. 1998). The weight of this factor proves slight in light of the other four factors favoring dismissal. Given Mr. Stackhouse's failure to respond to this Court's order and keep his address current, no further resources will be expended. This matter will be dismissed based upon Mr. Stackhouse's failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

Accordingly, the Court enters the following:

## ORDER

1.  This matter is dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2.  The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. This dismissal counts as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 1st day of November, 2022.

*/s/ Brian Morris*
_____
Brian Morris, Chief District Judge
United States District Court